### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**JACOB MEEKS**                                                        **PETITIONER**

**v.**                                                        **No. 3:21CV142-GHD-DAS**

**PONTOTOC COUNTY SHERIFF LEO MASK, ET AL.**                **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jacob Meeks for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition; Meeks has not responded, and the deadline to do so has expired. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition will be dismissed.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948

Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id.*

Relief under § 2241 is available to a prisoner in five situations, when:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

### Facts and Procedural Posture[1]

Mr. Meeks' petition seems to challenge his 2009 charge of vehicle theft in the Marshall County Circuit Court. Liberally construed, the petition could also be a challenge to Meeks' two pending 2019 false pretense charges in Pontotoc County. The court thus includes a history of these proceedings – and will discuss each below.

At the time Meeks filed the instant petition under 28 U.S.C. § 2241, he was in the custody of the Marshall County Jail in Holly Springs, Mississippi, based on a 2009 indictment for the charge of car theft in Marshall County Circuit Court Cause Number CR2009-320. Exhibit A[2] (Docket); Exhibit B (Indictment); Exhibit J, *infra* (Executed Capias); *see also* Docs. 1, 5. Meeks previously challenged the 2009 Marshall County car theft charge via a § 2241 proceeding in this Court in 2010, in which he requested dismissal of the charge and the detainer lodged against him at that time. *See Meeks v. Mississippi*, No. 3:10CV121-SA-SAA, 2011 WL 3163201, at *1 (N.D. Miss. July 26, 2011) (explaining that at the time of filing of the petition, "Meeks was … in the custody of the Clay County Detention Center in Liberty, Missouri on charges in that state[;]" however, "[h]is incarceration in Missouri was subject to a detainer lodged by the Marshall County Sheriff's Office based on the Mississippi indictment[]"). The court dismissed Meeks' 2010 petition with prejudice for failure to state a claim upon which relief could be granted. *See id.* at *2 (holding that "Meeks [failed to] show[] (or even allege[]) the 'special circumstances' necessary for the [C]ourt to consider whether [to] intercede in the state criminal proceeding," therefore, "his request for habeas corpus relief [wa]s not an available remedy in this [C]ourt"); *see also id.* at *1 (explaining that Meeks merely alleged that the

---

[1] As the State has clearly set forth and documented the facts and procedural posture of this case in its motion to dismiss, the court has relayed them nearly verbatim in the instant memorandum opinion.

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's response to the instant petition for a writ of *habeas corpus*.

case consisted of "nothing but 'false charges' brought about by the Marshall County Sheriff['s]

Department who continually harass the petitioner" and challenged the evidence to support the car theft

indictment).

Just before filing of his 2010 petition in this court, Meeks filed a letter motion for *habeas*

*corpus* under 28 U.S.C. § 2254 in the Marshall County Circuit Court, which was docketed as a

"Letter" in his criminal case on October 12, 2010. Exhibit C (Letter); *see also* Exhibit A (Docket). In

his letter motion, Meeks specifically sought dismissal of his pending car theft charge. *Id.* On

November 29, 2010, Meeks filed another letter requesting a copy of his indictment, and the clerk's

office mailed him a copy of the indictment. Exhibit D (Letter); *see also* Exhibit A (Docket).

Almost three years later, on September 9, 2013, the Marshall County Circuit Court Clerk's

Office mailed a letter to Meeks at the Eastern Missouri Correctional Facility notifying him that the

circuit court "received [his] paper[]work for the 'Motion for Tort Claim' along with several other

papers." Exhibit E (Letter and Paperwork). The clerk further advised Meeks that he must obtain an

order granting authority to proceed *in forma pauperis* before the clerk could file his documents

without the filing fee. *Id.* On September 18, 2013, Meeks filed a motion to proceed *in forma*

*pauperis*. *See* Exhibit A (Docket). On October 31, 2013, he filed a letter inquiry into the status of his

"Tort Claim." Exhibit F (Letter). On November 8, 2013, the Marshall County Circuit Court entered

an Order granting *in forma pauperis* status and dismissing Meeks' complaint, explaining as follows, in

relevant part:

> in reviewing plaintiff's motion, this [c]ourt finds it appears on its face to be legally
> frivolous and invalid. The plaintiff is attempting to bring a suit against the [Marshall
> County Sheriff's Department] for claims described as false arrest, vindictive
> prosecution, and bias with intent to deceive. The Plaintiff is requesting
> $35,000,000.00 in damages. These allegations arise from an arrest that occurred in
> 2009.

- 4 -

Therefore, this [c]ourt finds plaintiff's complaint shall be DISMISSED.

Exhibit G (Order).[3]

Four years later, on November 10, 2017, the Marshall County Circuit Court entered an Order to retire the charge of "grand larceny" for car theft to the file pending service of the capias. Exhibit H (Order Filed on December 4, 2017). On July 25, 2019, the Marshall County Circuit Court entered another Order to retire the case to the file pending service of the alias capias:

> ON MOTION of the State of Mississippi, through the district attorney, it is ordered that the above styled and numbered case is retired pending service of the alias capias. If no alias capias is presently outstanding for the defendant, one shall issue fort[h]with under authority of this order. Should the capias be served, this case will thereby be restored to the active docket of the court without the necessity of any further order of the court. The entry of this order shall not affect proceedings against the bail bond on this case, which may proceed as this [o]rder had not been entered.

Exhibit I (Order).

On January 6, 2021, the Marshall County Sheriff's Department executed and served the capias, which was filed on January 8, 2021. Exhibit J (Executed Capias). A sergeant with the Marshall County Sheriff's Department informed the State that Meeks was booked into the Marshall County Jail on January 6, 2021. On May 20, 2021, the Marshall County Circuit Court entered an Order appointing counsel to represent Meeks on the car theft charge. Exhibit K (Order). On the same date, the circuit court filed a "Waiver of Arraignment and Entry of Plea" in which Meeks acknowledged service of a copy of the indictment and pled not guilty to the 2009 car theft. Exhibit L

---

[3] On November 12, 2013, the Marshall County Circuit Court filed Meeks' "Motion for Tort Claim," supporting documents, and the Order dismissing it in a separate civil matter in Cause Number CV2013-398. *See* SCR, Marshall County Circuit Court Cause No. CV2013-398. Meeks appealed the dismissal of his "Motion for Tort Claim" to the Mississippi Supreme Court; however, on March 25, 2014, the Mississippi Supreme Court dismissed Meeks' appeal for failure to pay the costs of the appeal under Miss. R. App. P. 2(a). *See* SCR, Cause No. 2013-TS-01975.

(Waiver). On May 27, 2021, the circuit court entered an Order setting aside the alias capias previously entered on October 19, 2009, explaining that "Defendant has been incarcerated for an extended period of time" and also setting bond in the amount of $5,000.00. Exhibit M ("Order Vacating Previous Entered Alias Capias"); Exhibit N ("Order Setting Bond"). On August 17, 2021, the Marshall County Circuit Court entered an Order retiring the 2009 car theft case, based on "the agreed *ore tenus* motion of the State [and the defense]," explaining:

> The [c]ourt finds that the defendant has been in the Marshall County jail more than seven months and that the defendant refuses to cooperate with his court appointed attorney and refuses to make a reasonable bond to get out of jail when he admits that he is fully capable. As decided by all parties involved, it would serve justice and judicial efficiency to retire this matter so that the defendant can be released. The State of Mississippi has informed the court new charges are pending from the City of Byhalia. Therefore, the [c]ourt finds said motion well taken and adjudges that this matter should be retired.

Exhibit O (Order). Accordingly, the Marshall County Circuit Court ordered that "this matter shall be retired and that the defendant be released on [] a recognizance bond for the pending charge from the City of Byhalia, Mississippi."[4] *Id.* A sergeant with the Marshall County Sheriff's Department informed the State that Meeks was released from the custody of the Marshall County Jail on August 19, 2021, following the circuit court's ruling. On August 20, 2021, the Marshall County Clerk's Office filed a two-page excerpt from Meeks' hearing on August 13, 2021, as directed by the circuit court. Exhibit P (Transcript Excerpt); *see also* Exhibit A (Docket). The record in this case reflects that Meeks subsequently updated this court with his current address of record on August 23, 2021. Doc. 10.

      Meanwhile, on September 13, 2019, Meeks was indicted for the crime of false pretense in the

---

[4] The Byhalia Police Department informed the State that Meeks' pending charge from the City of Byhalia is based on a 2020 bad check.

Pontotoc County Circuit Court in Cause Number CR2019-292. Exhibit Q (Indictment). On September 21, 2019, Meeks requested the appointment of counsel. Exhibit R (Motion for Counsel). The Marshall County Circuit Court entered an Arraignment Order on September 24, 2019, which reflects that Meeks was represented by counsel. Exhibit S (Arraignment Order). The circuit court set bond in the amount of $3,000.00. *Id.* On September 25, 2019, Meeks' counsel filed a "Motion for Discovery and Request and Demand for Other Relief," requesting, *inter alia*, a plea offer on the false pretense charge. Exhibit T (Motion).

On October 18, 2019, Meeks was charged in a separate indictment with two counts of false pretense in the Pontotoc County Circuit Court in Cause Number CR2019-357. Exhibit U (Indictment). On October 29, 2019, the Pontotoc County Sheriff's Department arrested Meeks pursuant to an arrest warrant. Exhibit V (Sheriff's Return on Capias). On November 18, 2019, Meeks requested the appointment of counsel (Exhibit W), and the Marshall County Circuit Court entered an Arraignment Order, which reflects that Meeks was represented by counsel but noted that Meeks "says 'can afford' his own attorney" (Exhibit X) (Arraignment Order)). The circuit court also set bond in the amount of $1,000.00. *Id.*

On April 16, 2020, on Meeks' *ore tenus* motion, the Pontotoc County Circuit Court ordered continuance of the matters in both cause numbers until the next term of court. Exhibit Y (Composite Exhibit). On August 3, 2020, Meeks' counsel filed a Motion to Continue Meeks' trial in Cause Number CR2019-292 based on defense counsel's diagnosis with COVID-19 on July 28, 2020. Exhibit Z (Motion to Continue). The Pontotoc County Circuit granted the motion and entered an Order in Cause Number CR2019-292, continuing the trial on the false pretense charge until the next term of court. Exhibit AA (Order). On November 24, 2020, the Marshall County Circuit Court Clerk's Office a "note" in each of Meeks' pending criminal matters explaining that, "[o]n November

24, 2020, a docket was mailed to Jacob Meeks … concerning his 2 cases he has set for Monday

December 7th 2020, at the request of Tim Tucker [(defense counsel)]." Exhibit BB (Composite

Exhibit). On November 30, 2020, an Alias Capias was issued in both cases to hold Meeks without

bond. Exhibit CC (Composite Exhibit). Almost one year later, on August 24, 2021, the Marshall

County Circuit Court entered an Order withdrawing the previously issued Alias Capias in both cases,

explaining as follows:

> This matter was previously before the [c]ourt on the State's *ore tenus* Motion for an
> Alias Capias. That motion was well taken and an Alias Capias issued. The Court,
> now having the information before it, orders that the Alias Capias be withdrawn and
> the Defendant released on recognizance bond.

Exhibit DD (Composite Exhibit). Furthermore, an Assistant District Attorney for Pontotoc County

informed the State that Meeks' 2019 false pretense charges was scheduled for the Pontotoc County

Circuit Court's docket during the November 29, 2021, to December 10, 2021, term of court. Meeks

has not updated the court regarding the course of those proceedings.

Meanwhile, on June 17, 2021, Meeks initiated the instant federal *habeas corpus* proceeding

through the filing of documents entitled "False Arrest" and "Fail to Appear," in which he complained

of multiple arrests in multiple counties—including Desoto, Lafayette, Pontotoc, and Marshall—and

extraditions to Missouri and Tennessee. *See* Doc. 1. Meeks stated that he intended to "show the abuse

of the system" and that "[he had] been held at the Marshall County Jail over 180 days against [his]

will." *See id.* He also raised various allegations regarding his conditions of confinement and medical

treatment during his detainment at the Desoto County Jail. *See id.*

On June 25, 2021, this court entered an Order construing Meeks' previously submitted

document as a petition for writ of *habeas corpus* under 28 U.S.C. § 2241 and directing him to

complete and return the court's standard form petition for filing. Doc. 3. On July 9, 2021, Meeks

filed his Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241, advising the court that he was

confined at the Marshall County Sheriff's Department and was "being held on case of grand lar[ceny]

10 years ago [sic]." Doc. 5 at 1. The only other information provided by Meeks is that he is

challenging an action of the Pontotoc County Circuit Court, but he argues that the circuit court "does

not have jurisdiction, 2009." *Id.* at 2. In response to the question regarding the decision or action he is

challenging, Meeks merely states:

> No decision. The charges are false, and they cannot prove them. Also Petitioner was
> sent out of the State [of] Mississippi without completing the case in said state.

*Id.*; *see also Meeks*, 2011 WL 3163201, at *1 (explaining that, in his prior § 2241 petition, Meeks also

alleged that the case consisted of "nothing but 'false charges' brought about by the Marshall County

Sheriff['s] Department who continually harass the petitioner," and he challenged the evidence to

support the car theft indictment). In the current case, Meeks provides no grounds for relief in his

petition, but as his request for relief, he states that "[t]he Court is to dismiss those charge of [sic]

constitutional grounds." Doc. 5 at 7. Based on the limited information provided by Meeks, the court

ordered the State to "file an answer to this action, along with full and complete transcripts of all

proceedings in the state courts of Mississippi arising from the charge of grand larceny against the

petitioner in the Circuit Court of Pontotoc County, Mississippi (to the extent such are relevant to the

State's response)." Doc. 6.

Then, on August 9, 2021, Meeks filed a letter in this case complaining of his mail services in

the Marshall County Jail and explaining that "[he] ha[s] file[d] paperwork in the Court on other

counties, Desoto, Marshall, Lafayette, and don't [know] if the mail got to the courts." Doc. 9. On

September 15, 2021, Meeks filed a document docketed as an "Amended/Supplement to Document [1]

Petition for Writ of Habeas Corpus," in which he provides a litany of additional complaints. Doc. 11.

Meeks alleges that: (1) he was "assaulted and hit knocked-out (unconscious by a[] State inmate who did not belong in the cell with county inmates;" (2) the Marshall County Sheriff's Department has, "in the past," entered his property and removed items "without any warrant," and "[t]his have to stopped[;]" (3) "[he] had to bond out of that jail before his life was taken;" and (4) "[he] was stopped on or around (after bonded out of Marshall County Jail) August 25 by the Olive Branch Police [Department] for a warrant out of Fayette County Tn. Taken to the Desoto County Extradited to Fayette County Tn. [sic]." *Id.*

### Challenge to 2009 Charge of Vehicle Theft is Moot

Meeks' challenge to the 2009 Marshall County Circuit Court charge of car theft has become moot. *See* Doc. 5. As set forth in detail above, on August 17, 2021, the Marshall County Circuit Court ordered that "this matter shall be retired and that the defendant be released on [] a recognizance bond for the pending charge from the City of Byhalia, Mississippi."[5] Exhibit O (Order); *see also* Exhibit P (Transcript Excerpt). Meeks was released from the custody of the Marshall County Jail two days later, on August 19, 2021, pursuant to the circuit court's ruling. Meeks then updated his address with this court on August 23, 2021. Doc. 10. Thus, as discussed below, because Meeks' car theft charge was retired, there is no active or pending prosecution of the car theft charge in the Marshall County Circuit Court, as of August 17, 2021, and the filing of this Motion to Dismiss. *See* Exhibit O (Order); *see also* Exhibit P (Transcript Excerpt).

Article III of the U.S. Constitution limits federal "judicial power," *i.e.* federal court jurisdiction, to "cases" and "controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388,

---

[5] As noted above, the Byhalia Police Department informed the State that Meeks' pending charge from the City of Byhalia is based on a 2020 bad check.

395 (1980). The Supreme Court has held that the "in custody" determination is made at the time of

the filing of a *habeas corpus* petition. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Carafas v.*

*LaVallee,* 391 U.S. 234, 237–38 (1968). Meeks was "in custody," within the meaning of 28 U.S.C. §

2241(c)(3), on the 2009 car theft charge in Marshall County at the time that he initiated the instant

proceeding; however, his claims for *habeas corpus* relief were rendered moot by his release on this

charge.

"Generally, a prisoner must be 'in custody' to render a case 'live' in order to support a petition

for a writ of habeas corpus." *Penton v. Thaler*, 2013 WL 2483244, at *2 (S.D. Tex. June 10, 2013)

(citing 28 U.S.C. § 2254(a); *Spencer,* 523 U.S. at 7). If the petitioner is no longer incarcerated and

cannot point to any concrete and continuing injuries, the petitioner lacks a legal injury, and, by

extension, standing. *See e.g., Lane v. Williams*, 455 U.S. 624 (1982). At that point, there ceases to be

a case or controversy, and the case becomes moot. *Spencer*, 523 U.S. at 12, 14–16.

The question in this case becomes whether the 2009 vehicle theft indictment – which was

retired to the files – constitutes an ongoing criminal proceeding sufficient to support the "case or

controversy" requirement for federal jurisdiction. As discussed below, it does not. Meeks was not

convicted on the vehicle theft charge; instead, "[a]s decided by all parties involved, it would serve

justice and judicial efficiency to retire this matter so that the defendant can be released." Exhibit O.

Under Mississippi law, while retiring or passing a case to the files is not an acquittal on the merits[6], the

process operates as a "dismissal without prejudice" or "holds the indictment in abeyance;" however,

"it is clear that while the case remains in the circuit court's files, the case is inactive." *Flynt v. State*,

183 So. 3d 1, 17 (¶ 52) (Miss. 2015) (J. Kitchens, dissenting) (citing *Ross v. Milner*, 12 So. 2d 917,

---

[6] Though "the passage of an indictment to the files is usually the end of the matter, [] it is in no sense an acquittal of the charge." *Gordon v. State*, 90 So. 95, 95 (Miss. 1921).

919 (Miss. 1943); *Gordon v. State*, 90 So. 95 (1921); *Beckwith v. State*, 615 So. 2d 1134, 1147 (Miss. 1992)).

When a case is retired or passed to the files, the prosecution *may* later "withdraw the case from the files and docket it for trial." *Byrd v. State*, 175 So. 190, 192 (Miss. 1937); *see also Hall v. State*, 187 So. 3d 133, 137 (Miss. 2016) (citing *Walton v. City of Tupelo*, 90 So. 2d 193, 194 (1956)). Put simply, a case that has been retired to the files is inactive, has not been decided, but could be revived.

Nonetheless, under state law, a "remand to the files" is sufficient to meet one of the elements of a malicious prosecution claim – that the termination of the proceeding was in the plaintiff's favor. *Hyer v. Caruso*, 102 So. 3d 1232, 1236 (Miss. Ct. App. 2012). The Mississippi Court of Appeals held that, "[a]lthough [the plaintiff] was not actually acquitted, he was not convicted, *and the charges were no longer being pursued*." *Id.* (emphasis added). The United States District Court for the Southern District of Mississippi discussed *Hyer* and found that "a 'remand to the file' does not constitute ... an ongoing state criminal proceeding[.]" *Rew v. Vincent*, 1:19CV10-HSO-JCG, 2020 WL 5731794, at *9 (S.D. Miss. Sept. 24, 2020).

The Marshall County Circuit Court retired Meeks' indictment for vehicle theft to the files and ordered Meeks' immediate release. Hence, Meeks' 2009 indictment for car theft poses no present restraints on his liberty; the case is not an ongoing proceeding, and he faces no "concrete and continuing injuries" or "collateral consequences" following his release from custody regarding that charge. The mere possibility of future consequences does not create a case or controversy sufficient to maintain this suit. As such, Meeks' challenge to his 2009 car theft charge is moot and will be dismissed with prejudice.

### Meeks' Challenges to the 2009 Vehicle Theft Charge and the 2019 False Pretense Charges Fail to State a Valid *Habeas Corpus* Claim

Even if Meeks' challenge to the 2009 Marshall County vehicle theft charge were not moot, the ground fails to state a valid *habeas corpus* claim, as he seeks "dismiss[al of] those charge of constitutional grounds [sic]." Doc. 1 at 7. Meeks seeks the same relief as to his challenge to the 2019 Pontotoc County false pretense charges.[7] *Id.* Federal *habeas corpus* relief under 28 U.S.C. § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89 (1973). To the contrary, Meeks may not derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

There is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). A pretrial detainee who files a petition for a writ of *habeas corpus* in "an attempt to dismiss an indictment or otherwise prevent a prosecution" is seeking relief that is "normally not attainable through federal *habeas corpus*." *Id.* A federal court must not exercise jurisdiction over a *habeas corpus* claim if the issues raised may be resolved either by a trial on the merits in state court or by other state procedures. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Meeks has identified no special circumstances warranting this court's intervention in state proceedings. For these reasons, the petitioner's *habeas corpus* grounds regarding the 2009 Marshall County vehicle theft

---

[7] In his petition, Meeks articulates no discernable grounds for federal *habeas corpus* relief, but requests, "dismiss[al of] those charge of constitutional grounds [sic]." Doc. 1 at 7. The court has done its best to construe the petition liberally.

charge and the 2019 Pontotoc County false pretense charges will be dismissed for failure to state a claim upon which relief could be granted.

### Meeks' Request to Be Brought Promptly to Trial on the 2019 Pontotoc County False Pretense Charge

Liberally construing Meeks' claims in his petition and subsequent filings, he could be demanding that he be brought to trial on his pending 2019 charges for false pretense in Pontotoc County.[8] An Assistant District Attorney for Pontotoc County informed the State that Meeks' pending 2019 false pretense charges were on the Pontotoc County Circuit Court's docket during the term of court beginning on November 29, 2021, and ending on December 10, 2021. Meeks has not provided an update on those criminal proceedings since the State filed its motion to dismiss.

Meeks may not seek *habeas corpus* relief based on a request for speedy trial, absent "special circumstances." *See Dickerson, supra.* Indeed, "the same federalism reasons that prevent a defendant's sixth amendment claims from 'derailing' a pending state proceeding unless 'special circumstances' exist also renders pretrial *habeas corpus* relief an inappropriate vehicle to consider the merits of [any] due process claim." *Dickerson, supra*, at 229. In this case, the state courts have not had an opportunity to review Meeks' speedy trial claim; as such, he has shown no special circumstances permitting this court to consider the merits of those claims before being tried in state court on his pending 2019 false pretense charges. Therefore, Meeks' speedy trial claims must also be dismissed.

### In the Alternative, Meeks Has Not Exhausted Any of His *Habeas Corpus* Claims in State Court

Meeks has not exhausted any of his grounds for *habeas corpus* relief in state court. There is

---

[8] He does not appear to demand that the State resurrect the 2009 vehicle theft indictment from the files in Marshall County and bring him promptly to trial on that charge.

no express statutory requirement that an inmate seeking *habeas corpus* relief under 28 U.S.C. § 2241 exhaust state court remedies prior to asserting his claims in federal court. However, federal courts have read that requirement into the law. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.") The Fifth Circuit has addressed this exhaustion requirement, noting:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or *by other state procedures available to the petitioner*.

*Dickerson*, 816 F.2d at 225 (emphasis added) (citations omitted). Meeks may raise his speedy trial claims in the circuit court under state law, and, if unsuccessful (and he is convicted), he may pursue those claims on direct appeal.[9] As Meeks has not given the Mississippi Supreme Court the opportunity to consider his speed trial claims, he has not exhausted his state remedies, and the court will dismiss the claims without prejudice for that reason.

**Conditions of Confinement**

---

[9] If a criminal defendant proves a violation of his right to a speedy trial after conviction (on appeal or during postconviction proceedings), the remedy, dismissal of the charges, would still be available to him. The sole remedy for a violation of the right to a speedy trial is the "severe remedy of dismissal of the indictment when the right has been deprived." *Barker v. Wingo*, 407 U.S. 514, 522, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried." *Id.* A defendant who proves a speedy trial violation after he has already been convicted would thus be released – and shielded from future prosecutions for that crime by the double jeopardy clause.

Meeks makes many allegations regarding various aspects of the conditions of his confinement at different facilities, including, but not limited to: jail cameras, mail services, violence, and poor medical care. *See generally* Docs. 1, 9. However, a writ of *habeas corpus* may not be used to obtain review of conditions of confinement (distinct from the fact or length of the confinement). Availability of *habeas* for claims that do not necessarily spell speedier release, Federal Habeas Manual § 1:35. Instead, claims challenging conditions of confinement must be brought via a different vehicle, such as a civil rights action under 42 U.S.C.A. § 1983. *Id.*; *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a § 1983 suits is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures, and a § 2254 *habeas corpus* petition is the proper vehicle to seek release from custody); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (state prisoner cannot state a claim for unconstitutional conditions of confinement in a *habeas corpus* petition unless granting the relief sought "inevitably" affects the duration of his sentence); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (*per curiam*) (same). In this case, if Meeks prevailed on his allegations regarding the conditions of his confinement, he would not be entitled to release; as such, these allegations will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Conclusory Allegations

Meeks has not alleged any facts sufficient to support his allegations that the Marshall County Sheriff's Department has, "in the past," entered his property and removed items "without any warrant," and "[t]his have to stopped [sic] [;]" and that "[he] was stopped on or around (after bonded out of Marshall County Jail) August 25 by the Olive Branch Police [Department] for a warrant out of Fayette County[, Tennessee,] [t]aken to [] Desoto County [and] [e]xtradited to Fayette County[, Tennessee,]" Doc. 11. First, these allegations are conclusory; as such, they "do not raise a constitutional issue in a *habeas* proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). In

- 16 -

addition, they are relevant neither to his retired 2009 car theft charge in Marshall County, which is now moot, nor to his pending 2019 false pretense charges in Pontotoc County. As such, these allegations will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Conclusion**

For the reasons set forth above, the motion by the State will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice for failure to state a claim upon which relief could be granted, and, in the alternative, without prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of August, 2022.

_____

SENIOR JUDGE